11-3336-ag
Sherpa v. Holder

BIA
Vomacka, IJ
A087 560 889

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of May, two thousand twelve.

PRESENT:
>        JON O. NEWMAN,
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

MINMAR SHERPA,
>        *Petitioner,*

>         v.                                      11-3336-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Minmar Sherpa, a native and citizen of Nepal, seeks review of a July 21, 2011, order of the BIA affirming the May 19, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Minmar Sherpa*, No. A087 560 889 (B.I.A. July 21, 2011), *aff'g* A087 560 889 (Immig. Ct. N.Y. City May 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Sherpa's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the

2

totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

The IJ's adverse credibility determination is supported by substantial evidence. The IJ reasonably based his credibility finding on the following: (1) Sherpa's inconsistent testimony regarding who sent the demand letter she allegedly received from Maoists; (2) the inconsistencies between her testimony and her application regarding the year she fled to Kathmandu and the year that Maoists attempted to kidnap her; (3) her failure to mention in her application her discovery that Maoists worked with her in a Kathmandu restaurant; and (4) the memorized nature of her testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Furthermore, the IJ reasonably afforded minimal weight to

3

Sherpa's personal evidence due to the unusually specific and detailed nature of her testimony regarding events that occurred six to ten years earlier. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337-38, 338 n.17 (2d Cir. 2006).

Given the omission, internally inconsistent testimony, inconsistencies between Sherpa's testimony and her application, the lack of reliable corroboration, and the IJ's negative demeanor finding, the totality of the circumstances supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the IJ reasonably found that Sherpa's background evidence did not demonstrate an objective basis for fearing persecution or torture, the only evidence of a threat to Sherpa's life or freedom depended on her credibility. The adverse credibility determination is also fatal to Sherpa's claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this

4

petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk